# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOEL LADSON,<br><br>  Plaintiff,<br><br>  v.<br><br>ES3, LLC<br><br>and<br><br>ES3 YORK, LLC,<br><br>  Defendants. | Civil Action No. 1:21-cv-01336-SHR<br><br>(Judge Sylvia H. Rambo) |

## **CONFIDENTIALITY AGREEMENT AND ORDER**

Plaintiff Joel Ladson ("Plaintiff") and Defendant ES3 LLC (improperly identified as ES3, LLC) ("ES3") and ES3 York, LLC (collectively with ES3, "Defendants"), by their respective counsel, hereby request that this Court enter a mutual protective order based upon the Parties agreeing to the following statement of good cause pursuant to the standard enunciated in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) and *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662 (3d Cir. May 15, 2019):

**WHEREAS**, Plaintiff and Defendants (the "Parties") are presently engaged in discovery;

**WHEREAS**, discovery in this case including, but not limited to, interrogatories; requests for production of documents or things; requests for admission; and/or depositions, may require disclosure of confidential information including, but not limited to, personnel records; medical records; compensation formulae, plans, data or information; competitively sensitive or proprietary business information and data; financial statements, productivity information and data; marketing, financial and/or business plans, models, strategies, information and data; otherwise private, confidential and/or trade secret information (collectively,

"Confidential Materials"), and which should otherwise remain confidential and the private property and information of the respective party;

**WHEREAS**, the purpose of this Confidentiality Agreement is to expedite the responses to discovery without judicial intervention and to protect privacy during trial and appellate proceedings thereafter. The provisions in this Confidentiality Agreement, however, shall not limit or be deemed to waive the right of any party to seek relief from or greater protection than that provided by this Confidentiality Agreement;

**WHEREAS**, the Parties agree that the misuse or unnecessary dissemination of information that meets the standard enunciated in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) and could cause injury to the Parties in this case, as well as others who are not parties in this litigation;

**WHEREAS**, all Parties to this litigation, by their signatures hereto, agree that this Confidentiality Agreement is appropriate and advisable, it is hereby

**ORDERED** that access and dissemination of discovery material shall be governed by the following provisions and use at trial:

I.  **"CONFIDENTIAL" MATERIAL AND INFORMATION**

1.  **Scope Of "Confidential" Designation.** Counsel for a party may specifically designate as "CONFIDENTIAL" any materials, information or testimony concerning personnel records or issues; tax filings; business or financial records; medical/psychiatric/psychological records, data or histories; and other materials, information or testimony falling within the scope of confidential materials and/or information recognized by the courts as confidential. Any materials, information or testimony may be designated "CONFIDENTIAL" upon a good-faith belief that it falls within the scope of protection afforded by this Confidentiality Agreement.

2.  **Sources Of "Confidential" Materials And Information**. "CONFIDENTIAL" materials and information include any materials or information disclosed in discovery or otherwise including, but not limited to, information disclosed in an interrogatory answer; materials disclosed in response to a request for production; materials or information disclosed in response to a subpoena; and deposition testimony and exhibits.

3. **Required "Confidential" Legend**. Materials, information or testimony designated "CONFIDENTIAL" by counsel for the party producing or providing such information shall bear the legend "CONFIDENTIAL."

4. **Access To "Confidential" Materials Or Information**. Access to "CONFIDENTIAL" materials or information shall be limited to the following designated persons:

- (a) Outside counsel (herein defined as any attorney at the Parties' outside law firms) and relevant in-house counsel for the Parties;

- (b) Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

- (c) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

- (d) The Court, judge, jury, appellate panel, government agency and any related personnel;

- (e) Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

- (f) Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

- (g) The Parties. In the case of parties that are corporations or other business entities, "party" shall mean employees of the parties to the extent necessary to allow the parties to litigate this action and to participate in decisions with reference to this lawsuit.

## II.   GENERAL PROVISIONS

1.   **Materials Designated "Confidential" Or "Confidential – Counsel And Experts Only" May Be Used Only In This Litigation.**  All materials, information and testimony designated "CONFIDENTIAL," as described herein, as well as duplicates, notes, memoranda and other documents that disclose, in whole or in part, the contents of confidential materials, information or testimony shall be maintained in the strictest confidence by the Parties and counsel, shall be used solely for purposes of the above-captioned lawsuit, and shall not be disclosed to any other person or entity.

2.   **Record-Keeping Duties**. Counsel shall keep a record of all copies of "CONFIDENTIAL" materials, information or testimony that are made and shall take appropriate precautions to avoid loss and/or inadvertent disclosure of such materials or information.

3.   **Duration Of Confidentiality Agreement.**   After the conclusion of this litigation, the provisions of this Confidentiality Agreement shall remain in force.

4.   **Objections To Designation**.   If counsel for a party objects to a "CONFIDENTIAL" designation, he/she shall so advise counsel for the producing party in writing as soon as practicable.  If counsel for the producing party does not withdraw the designation within twenty-one (21) days after receipt of an objection, counsel for the objecting party may move the Court to determine whether the disputed material, information or testimony has properly been designated "CONFIDENTIAL" and shall be governed by the limitations of this Confidentiality Agreement.

5.   **Filling Under Seal**. It is the obligation of the party seeking to file a document under seal to first file a Motion requesting permission of the Court to file the document under seal.  If the Motion is granted, any document that contains, refers to, attaches or incorporates "CONFIDENTIAL" materials, information or testimony shall be filed with the Court under seal and designated documents offered as exhibits at trial shall be kept under seal and designated testimony at trial shall be deemed confidential in the transcript of record.

6.   **Signed Agreement**. Persons described in Paragraph I(4)(b) shall not be given access to "CONFIDENTIAL" materials, information or testimony unless and until such persons agree in writing, under oath, to the Agreement set forth in Exhibit A

hereto, the original of which shall be retained by the attorney obtaining the same. To the extent that a party permits the other party to disclose "CONFIDENTIAL – COUNSEL AND EXPERTS ONLY" materials, information or testimony to a person other than counsel or an expert, any such person shall execute an Agreement as set forth in Exhibit A.

7.      **Inadvertent/Unintentional Disclosure.**   To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure.  Such notice shall constitute a designation of the information, document or thing as Confidential under this Confidentiality Agreement and Order.

When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity.  However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

8.      **Deposition and Trial Use Of Designated Materials, Information Or Testimony**.   Materials, information or testimony designated "CONFIDENTIAL" may be used during the course of any deposition in this action, subject to the following conditions:

>   (a)     **Deponents To Be Bound By This Confidentiality Agreement.**  A deponent shall be advised on the record or in writing of the existence and contents of this Confidentiality Agreement, and the witness shall explicitly agree on the record or in writing to be bound by its terms. If a witness refuses to be bound by the Confidentiality Agreement, the

        parties agree to immediately seek an Order of the Court directing compliance. If this is not feasible, the examining attorney may still ask questions concerning the materials and/or information, although the materials and/or information shall not be shown to the witness. The party seeking to file the deposition under seal must file a Motion requesting permission of the Court to file the deposition under seal.

    (b)    With respect to any depositions that involve a disclosure of Confidential Material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph I(4)(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph I(4)(a), (b), (c), (d) and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Confidentiality Agreement.

    (c)    Parties shall jointly request and move the court to place under seal designated confidential records and testimony presented at trail and deem confidential records and testimony for the judge and jury's eyes and ears only.

9. **Disposition Of "Confidential" Or Materials Upon Conclusion Of This Litigation.**

    (a)    **Materials Designated "Confidential."** All materials or information, including all originals, copies, abstracts, or summaries thereof shall be returned to the producing party or destroyed irrespective of whether they were (i) produced in discovery or (ii) in the possession of, obtained by or received by a party at any time prior to or during the pendency of this litigation.

(b) **All Other "Confidential" Materials Or Information**. All other "CONFIDENTIAL" discovery materials or information, including originals, copies, abstracts or summaries thereof, shall be returned or destroyed at the conclusion of the lawsuit to the attorney for the party that produced the material, and **no copies thereof shall be retained by any other person or entity**. At the conclusion of this matter, any party who has filed or submitted "CONFIDENTIAL" materials or information to the Court shall retrieve those materials or information from the Court. The disposition of the retrieved materials or information shall be governed by this Paragraph.

(c) **All Materials And Information Subject To This Confidentiality Agreement Shall Be Retrieved From Experts At The Conclusion Of This Litigation.** If "CONFIDENTIAL" material is furnished to a testifying or consulting expert, the attorney for the party retaining such expert shall have the responsibility of ensuring that all such material, including abstracts and summaries thereof is returned to the party which originally produced the "CONFIDENTIAL" materials or information or destroyed.

(d) **Retention Of Mental Impressions Of Counsel**. Counsel for a party may retain only abstracts or summaries of discovery materials which contain counsel's mental impressions or opinions. Such abstracts or summaries shall, however, remain subject to the terms of this Confidentiality Agreement.

10. **Privileged Materials And Information Are Shielded From Discovery.** Nothing in this Confidentiality Agreement shall be construed as requiring the production of privileged (subject to the attorney-client, physician-patient or other confidentiality shield under federal or state law) materials or information. A party claiming such a privilege shall produce a privilege log.

11. **Preservation Of Objections**. A party does not waive objections including, but not limited to, those based on relevance, authenticity, hearsay or admissibility to materials, information or testimony as a result of designating materials, information or testimony deemed "CONFIDENTIAL."

12. **Enforcement Or Modification**. Any party may apply to the Court at any time, in accordance with the Federal and Local Rules of Civil Procedure, for enforcement or modification of this Confidentiality Agreement with respect to the

handling of any materials or information. If a party believes another party to this Agreement is in violation of said Agreement and that party continues to violate the Agreement after notice and an opportunity to cure, the injured party may seek relief from the Court and shall be entitled to recover from the party who violated this Confidentiality Agreement its attorney fees and costs incurred in enforcing the terms of this Confidentiality Agreement, in addition to any other relief ordered by the Court.

13. The Court retains the right to allow, *sua sponte* or upon motion, disclosure of any subject covered by this Agreement or to modify this Agreement at any time in the interest of justice.

**The Parties hereby agree to be bound by the terms of this Confidentiality Agreement regardless of whether it is submitted to and/or entered by the Court.**

**IT IS SO STIPULATED.**

| | |
|---|---|
| **KARPF, KARPF & CERUTTI, P.C.** | **LITTLER MENDELSON, P.C.** |
| 3331 Street Road | Three Parkway |
| Two Greenwood Square, Suite 128 | 1601 Cherry Street, Suite 1400 |
| Bensalem, PA 19020 | Philadelphia, PA 19102 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| | |
| By: */s/ Timothy S. Seiler* | By: */s/ Sarah Bryan Fask* |
|     Timothy S. Seiler, Esq. |     Sarah Bryan Fask, Esq. |
| |     Kimberly Saginario, Esq. |
| | |
| Dated: January 27, 2022 | Dated: January 27, 2022 |

**SO ORDERED:**

Dated: __January 28, 2022__          S/Sylvia H. Rambo
                                     _____

                                     United States District Judge

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOEL LADSON, | |
| Plaintiff, | Civil Action No. 1:21-cv-01336-SHR |
| v. | |
| ES3, LLC | (Judge Sylvia H. Rambo) |
| and | |
| ES3 YORK, LLC, | |
| Defendants. | |

### AGREEMENT CONCERNING CONFIDENTIALITY

      By signing this document, I hereby certify that I have read the Confidentiality Agreement dated _____ \_\_\_\_, 20\_\_, in the above-captioned action, and I agree to abide by the terms of the Confidentiality Agreement and maintain in confidence any confidential document or information provided or shown to me in accordance with the terms thereof.

_____
Signature

_____
Print Name

_____
Date